The STATE of Ohio, Appellee,

v.

McDONALD, Appellant.

[Cite as *State v. McDonald,* 153 Ohio App.3d 679, 2003-Ohio-4342.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81972.

Decided Aug. 14, 2003.

William D. Mason, Cuyahoga County Prosecutor, and Eleanore Hilow, Assistant County Prosecutor, for appellee.

Paul Mancino Jr., for appellant.

TIMOTHY E. MCMONAGLE, Judge.

{¶ 1} Defendant-appellant, Sante McDonald, a.k.a. James London, appeals from the judgment of the Cuyahoga County Court of Common Pleas, rendered after a jury verdict, finding him guilty of drug possession in an amount exceeding 100 grams, preparation of drugs for sale in an amount exceeding 100 grams, and possession of criminal tools; deeming him a major drug offender; and sentencing him to 15 year's incarceration. For the reasons that follow, we reverse the trial court's judgment, vacate appellant's conviction, and discharge him.

{¶ 2} Appellant was arrested on April 17, 2001. He was held in jail, where he remained until trial. Appellant pled not guilty to the indictment, and after numerous pretrial conferences and continuances, trial was set for September 23, 2002. On that day, prior to the commencement of trial, the trial court heard argument regarding appellant's motion to dismiss for violation of his speedy-trial rights, which had been filed on July 13, 2002.

{¶ 3} At the hearing, defense counsel argued that more than 270 days had elapsed since appellant's arrest on April 17, 2001. The prosecutor responded that all of the continuances of the trial date had been requested by defense counsel in chambers. The prosecutor conceded, however, that she did not have copies of the

court's journal entries regarding the continuances. The trial judge then deferred ruling on the motion to dismiss until the following day, instructing the prosecutor as follows:

{¶ 4} "I will direct the State's attention to Section 2945.72 which sets forth the grounds for an extension of time for a trial from the time provided in 2945.71.

{¶ 5} "See you here tomorrow morning. I will count on you, Ms. Hilow, to present tomorrow morning whatever evidence you may have that the motion for continuance was granted for the defendant on oral motion."

{¶ 6} When trial inexplicably resumed later that day, the judge stated on the record:

{¶ 7} "And, for the record, the prosecutor has handed to the Court several pages—several documents, the last one of which reads [']Trial continued to September 23, 2002 at 9:00 at the defendant's request.['] And today is September 23, 2002. The Court was prepared to start at 9:00 a.m. this morning. And the other documents here demonstrate, show, reveal that the continuances, trial continuances were at the defendant's request, or the defendant's lawyer's request."

{¶ 8} Trial then commenced. The jury subsequently found appellant guilty of drug possession, preparation of drugs for sale, and possession of criminal tools. The trial judge sentenced appellant to 10 years' incarceration on the underlying offenses, plus 5 years on the major drug offender specification, for a total of 15 years.

{¶ 9} Appellant timely appealed, asserting 19 assignments of error for our review.

{¶ 10} In his first assignment of error, appellant contends that the trial court erred in denying his motion to dismiss for violation of his constitutional and statutory speedy-trial right.

{¶ 11} The record in this case reflects the following:

{¶ 12} April 17, 2001—Appellant arrested.

{¶ 13} July 2, 2001—Appellant indicted.

{¶ 14} July 6, 2001—Appellant arraigned; pled not guilty to the indictment.

{¶ 15} July 13, 2001—Appellant files request for bill of particulars, motion to examine exculpatory and mitigatory material, and demand for discovery.

{¶ 16} August 9, 2001—Pretrial held; trial set for October 2, 2001, at appellant's request.

{¶ 17} October 2, 2001—Trial continued to November 5, 2001, at appellant's request.

{¶ 18} November 19, 2001—Appellant files a motion to suppress evidence and requested oral hearing.

{¶ 19} May 13, 2002—Trial is set for July 8, 2002, at appellant's request.

{¶ 20} June 24, 2002—The state responds to appellant's discovery requests and to appellant's motion for a bill of particulars, 11 months after appellant's motions were filed.

{¶ 21} July 3, 2002—Appellant files a motion to dismiss based upon speedy-trial violation.

{¶ 22} July 8, 2002—Trial is continued to July 17, 2002, at appellant's request.

{¶ 23} July 17, 2002—Trial is continued to September 23, 2002, at appellant's request.

{¶ 24} September 23, 2002—Trial commences.

{¶ 25} The right to a speedy trial is guaranteed by the Constitutions of both the United States and the State of Ohio. Sixth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution. In Ohio, this right is embodied in R.C. 2945.71 through 2945.73. Ohio's speedy-trial statute " 'consti-tute[s] a rational effort to enforce the constitutional right to a public speedy trial of an accused * * * and shall be strictly enforced by the courts of this state.' " *State v. Broughton* (1991), 62 Ohio St.3d 253, 256, 581 N.E.2d 541, quoting *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, syllabus.

{¶ 26} R.C. 2945.71 requires the state to bring a felony defendant to trial within 270 days of arrest or within 90 days if the accused is held in jail in lieu of bail on the pending charge. R.C. 2945.71(C) and (E). Each day during which the accused is held in jail in lieu of bail on the pending charge is subject to the triple-count provision of R.C. 2945.71(E).

■ {¶ 27} It is well established that once an accused has demonstrated that the applicable speedy-trial time has expired, he or she has established a prima facie case for dismissal, and the burden shifts to the state to demonstrate any tolling or extensions of time permissible under the law. *State v. Taylor*, Portage App. No. 2000–P–0121, 2002-Ohio-7120, 2002 WL 31862688, ¶ 8, citing *State v. Geraldo* (1983), 13 Ohio App.3d 27, 28, 13 OBR 29, 468 N.E.2d 328.

{¶ 28} Here, it is undisputed that appellant was arrested on April 17, 2001, and that trial commenced on September 23, 2002. Therefore, counting from the day following appellant's arrest to the date of commencement of his trial, 522 days elapsed. See *State v. Steiner* (1991), 71 Ohio App.3d 249, 250–251, 593 N.E.2d 368 ("The day of arrest is not to be included when computing the time within which a defendant must be brought to trial"); see, also, R.C. 1.14 and Crim.R. 45. Accordingly, pursuant to both the 270–day provision of R.C. 2945.71(C) and the

triple-count, or 90–day, provision of R.C. 2945.71(E), appellant's motion to dismiss established a prima facie case for discharge.

{¶ 29} "Once appellant has demonstrated a prima facie case for discharge, it becomes the state's obligation to produce evidence demonstrating the defendant was not entitled to be brought to trial within the limits of R.C. 2945.71(C) or (E)." *State v. Baker* (1993), 92 Ohio App.3d 516, 526, 636 N.E.2d 363; see, also, *State v. Barger* (Dec. 16, 1994), Wood App. No. 94WD030, 1994 WL 700158, citing *State v. Geraldo* (1983), 13 Ohio App.3d 27, 28, 13 OBR 29, 468 N.E.2d 328 ("The filing of a motion to dismiss on speedy trial grounds, and the defendant's demonstration that the applicable time period has passed, triggers the prosecution's duty to produce evidence which negates the defendant's assertion that his or her trial has been too long delayed").

{¶ 30} In its brief on appeal, the state contends that the triple-count provision of R.C. 2945.71(E) does not apply in this case and that "the state had the full 270 days to bring appellant to trial" because, in addition to the charge under the instant indictment, 1) appellant was being held on a capias issued in case No. CR–398343 in which he had pled guilty and failed to appear for sentencing, and 2) on May 24, 2001, appellant was sentenced in case No. CR–398343 to four years' incarceration at Lorain Correctional Institution.

{¶ 31} The record, however, does not contain any evidence whatsoever regarding any other cases. As the transcript clearly indicates, on September 23, 2002, the prosecutor supplied the trial court with copies of the court's journal entries regarding trial date continuances requested by appellant. The prosecutor presented no documentary or testimonial evidence regarding any other cases.

{¶ 32} In *State v. Butcher* (1986), 27 Ohio St.3d 28, 30, 27 OBR 445, 500 N.E.2d 1368, the Ohio Supreme Court held that it is the state's responsibility to document its position at the oral hearing on a motion to dismiss for lack of speedy trial by presenting records demonstrating the existence of other pending charges. Therefore, it is the state's responsibility to demonstrate that the defendant is being held in jail in lieu of bail on additional charges and not solely on the pending charge. *Baker*, 92 Ohio App.3d at 527, 636 N.E.2d 363. The Supreme Court noted in *Butcher* that "[c]ourt records, journal entries or jail records are but some of the means by which the state could have placed evidence in the record to support its position that [the defendant] was not confined in jail solely on the pending charge." *Butcher*, 27 Ohio St.3d at 30, 27 OBR 445, 500 N.E.2d 1368, fn. 4. Because the record in *Butcher* "unequivocally demonstrate[d] the state's failure to introduce evidence sufficient to rebut appellee's prima facie motion for discharge," the Ohio Supreme Court held that it was "constrained to hold that the conviction was properly reversed on speedy trial grounds." Id. at 31, 27 OBR 445, 500 N.E.2d 1368.

{¶ 33} Subsequently, in *State v. Brown* (1992), 64 Ohio St.3d 476, 597 N.E.2d 97, the Ohio Supreme Court held that when a defendant does not request findings of fact regarding the denial of his or her motion to dismiss and the trial court does not state its findings of fact, an appellate court errs in reversing a conviction on the ground that the defendant was denied a speedy trial if there was sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record.

{¶ 34} In *Brown*, the defendant for the first time on appeal, challenged the existence of a valid parole holder, which prevents application of the triple-count provisions of R.C. 2945.71(E). The Ohio Supreme Court noted, however, that the transcript of the hearing on the defendant's motion to dismiss indicated that defense counsel acknowledged the existence of a valid parole holder at the oral hearing on the motion to dismiss and at a pretrial conference. Therefore, concluding that it must presume the set of facts which validates, rather than invalidates, the judgment below, the Supreme Court held that although there was no documentary evidence of the parole holder, the record provided it with a sufficient basis to conclude that there was a valid parole holder on the defendant.

{¶ 35} In this case, however, the record does not provide us with *any* basis from which we could conclude that appellant was held in jail in lieu of bail on additional charges. The only reference in the record to other charges was after trial, at sentencing, when the prosecutor stated, "I believe he was held on another case." She produced no evidence to the court to support her belief, however, and defense counsel did not agree with her statement. Accordingly, we hold that the state failed to meet its burden of demonstrating the existence of additional charges and, therefore, we must apply the triple-count provision of R.C. 2945.71(E) to this case, which means that appellant should have been brought to trial within 90 days of his arrest on April 17, 2001.

{¶ 36} As previously stated, appellant was brought to trial 522 days after his arrest. Thus, this court must review the record in the case to determine whether the trial court's judgment denying appellant's motion to dismiss for speedy trial violation is legally justified and supported by the record.

{¶ 37} The time constraints of R.C. 2945.71 may be extended in certain circumstances. R.C. 2945.72 states:

{¶ 38} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{¶ 39} "* * *

{¶ 40} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused.

{¶ 41} "* * *

{¶ 42} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

{¶ 43} Recently, in *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at the syllabus, the Ohio Supreme Court confirmed that "[a] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." In *Brown*, the defendant was charged with rape and kidnaping and ordered held in jail without bail pending trial. The defendant subsequently filed a request for a bill of particulars and a demand for discovery. The state responded to this request seven days later. Brown's trial began 92 days after his arrest. On appeal, Brown alleged that his trial counsel was ineffective for failing to file a motion to dismiss for violation of his speedy-trial rights. The Court of Appeals for Fayette County held that requests for discovery and motions for bills of particulars are tolling events pursuant to R.C. 2945.72(E), and therefore, any delay necessitated by the state's response to Brown's requests was chargeable to Brown. Accordingly, the appeals court held that Brown was brought to trial 85 days after his arrest, within the statutory period.

{¶ 44} The Court of Appeals for Fayette County then certified to the Ohio Supreme Court a conflict between its judgment and judgments of the First and Fifth District Courts of Appeals regarding whether the defendant's filing of a request for discovery or for a bill of particulars, and the state's response thereto, extends the time within which a defendant must be brought to trial under Ohio's speedy-trial statute, R.C. 2945.71 et seq.

{¶ 45} In considering the question, which was an issue of first impression for the court, the Ohio Supreme Court agreed that discovery requests are tolling events pursuant to R.C. 2945.72(E). The court stated:

{¶ 46} "Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy-trial violation by filing discovery requests just before trial. Courts could grant case-by-case exceptions but would then be in the unenviable position of deciding how close to trial is too close to request additional discovery. Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy-trial statute. We conclude that allowing a defendant's discovery requests to toll the running of the speedy-trial period is the most sensible interpretation of R.C. 2945.72(E).

{¶ 47} " 'The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.' *State v. Ladd*

(1978), 56 Ohio St.2d 197, 200 [10 O.O.3d 363, 383 N.E.2d 579]. *Nothing in the case before us suggests that indolence contributed to the delay in Brown's trial.*" (Emphasis added.) *Brown*, 98 Ohio St.3d 121, 781 N.E.2d 159, ¶ 23–24.

{¶ 48} Likewise, in *State v. Gee* (June 2, 1994), Cuyahoga App. Nos. 64410 and 64411, 1994 WL 245885, this court held that "the speedy trial time limit was tolled by appellant's demand for a bill of particulars and request for discovery until the state responded in a reasonably timely fashion." In that case, however, we found that we did not have to determine whether the state's response was timely, because appellant's subsequent waivers of his speedy-trial rights rendered the question moot.

{¶ 49} Here, however, the issue is significant. Eighty-six days ran between April 18, 2001, the day after appellant's arrest, and July 13, 2001, when appellant filed his request for a bill of particulars and demand for discovery. Pursuant to *Brown*, supra, appellant's requests tolled the running of the speedy-trial period until the state responded in a reasonably timely manner. Significantly, however, the state did not respond to appellant's requests until June 24, 2002, more than 11 months after the motions were filed. We cannot conclude that the State's response was "reasonably timely" such that the speedy-trial time was tolled for the entire 11 months it took the state to respond.

{¶ 50} The record reflects that subsequent to filing his discovery requests on July 13, 2001, on August 9, 2001, appellant requested a continuance of trial until October 2, 2001. On that date, appellant requested that the trial be continued until November 5, 2001. As set forth in R.C. 2945.72(H), appellant's requests for continuances, like his discovery motions, tolled the running of the speedy trial time.

{¶ 51} It is not clear from the record, however, what happened on November 5, 2001. There is no journal entry indicating why trial was again continued on that day. Where we find ambiguity, we construe the record in favor of the accused. *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 362 N.E.2d 1216.

{¶ 52} We note that as of November 5, 2001, nearly four months after appellant's request for a bill of particulars and discovery motions were filed, the state still had not responded to the requests. Without attempting to set a bright-line rule for every case, it is apparent that, in this case, the state should have responded to appellant's discovery demands well before it did. A "reasonably timely" response pursuant to *Brown*, supra, should have been filed prior to November 5, 2001.[1] Accordingly, we hold that as of November 5, 2001, the time

---

1. This is especially true in light of the response the state finally filed on June 24, 2002. The bill of particulars was only one and one-half typed double-spaced pages and essentially just

for bringing appellant to trial was no longer tolled by appellant's request for a bill of particulars and discovery requests filed on July 13, 2001. Therefore, because there was no applicable tolling and the record is ambiguous regarding who requested the continuance on November 5, the 13 days between November 5, 2001, and November 19, 2001, when appellant filed a motion to suppress evidence, are imputed to the state.

{¶ 53} Adding these 13 days to the 86 days that accrued between April 18, 2001, and July 13, 2001, it is apparent that as of November 19, 2001, appellant had been held in jail without being brought to trial for 99 days—a clear violation of his speedy trial rights. Appellant's first assignment of error is therefore well taken. The judgment of the trial court is reversed; appellant's conviction is vacated and defendant is discharged.

{¶ 54} Because appellant's first assignment of error renders the other assignments of error moot, we need not consider them. See App.R. 12(A)(1)(c).

Judgment reversed,
conviction vacated
and defendant discharged.

PATRICIA A. BLACKMON, P.J., and COLLEEN CONWAY COONEY, J., concur.

___

reiterated the indictment. Likewise, the state's response to appellant's discovery requests was less than one and one-half typed pages.