[Cite as *Cleveland v. White*, 2013-Ohio-5423.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99375**

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## GEORGE WHITE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2008 CRB 023549

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

BY:    Eric M. Hedrick
Asst. State Public Defender
250 E. Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland
Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

Victor R. Perez
Chief City Prosecuting Attorney

BY:    Lorraine Coyne
Assistant City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant George White ("White") appeals a judgment of conviction, rendered after a bench trial, convicting him of misdemeanor child endangering. We find merit to the appeal and reverse.

{¶2} In July 2008, White accompanied Debra Gardner ("Gardner") and her two children on a visit to U.S. Bank. White held ten-month old P.J., while Gardner and four-year-old T.J. transacted business with a bank teller at the counter. Officer Philip Hawkins ("Hawkins"), a Cleveland police officer who was working as a security guard at the bank, observed White kissing P.J. on the cheek. Moments later, the baby screamed. Gardner took her child from White in response to her cries and discovered bite marks on her shoulder. Hawkins investigated the incident and also observed bite marks on P.J.'s shoulder. As a result, Hawkins placed White under arrest for child endangering.

{¶3} On July 22, 2008, White was charged with child endangering in violation of Cleveland Codified Ordinances ("CCO") 609.04. The court issued a summons by certified mail on July 24, 2008, notifying White that he was required to appear in court on August 5, 2008. White failed to appear before the court, and the court sent him a letter by certified mail informing him there was a capias for his arrest. It is undisputed that on August 19, 2008, the certified mail receipt containing the summons was returned from the U.S. Post Office indicating the summons was "unclaimed."

**{¶4}** In July 2012, White was arrested for an unrelated offense, and police discovered the outstanding capias. White was subsequently arraigned on the child endangering charge, and the case proceeded to a bench trial where the court found him guilty. White now appeals and raises five assignments of error.

**{¶5}** We find the fifth assignment of error dispositive of this appeal. In this assigned error, White argues he was denied his right to the effective assistance of counsel, in part, because his trial counsel failed to file a motion to dismiss on grounds that his right to a speedy trial had been infringed.

**{¶6}** To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. A defendant must show that counsel acted unreasonably and that but for counsel's errors, there exists a reasonable probability that the result of the proceeding would have been different. *Strickland* at 696; *Bradley* at paragraph three of the syllabus. In making this determination, the reviewing court must presume that counsel's conduct was competent. *Id.*

**{¶7}** Although failure to raise the denial of a right to speedy trial in the trial court generally constitutes a waiver of the defense on appeal, there is an exception where the issue is raised as the ineffective assistance of counsel. *Cleveland v. Ali*, 8th Dist. Cuyahoga No. 88604, 2007-Ohio-3902, ¶ 10. In determining whether White's trial

counsel was ineffective in failing to argue the denial of his right to speedy trial in the trial court, White must show that had his trial counsel moved for dismissal on speedy trial grounds, the case would have likely been dismissed.

{¶8} R.C. 2945.71(B)(2) provides that a person charged with a misdemeanor of the first-degree shall be brought to trial "[w]ithin 90 days after his arrest or service of summons." The burden is on the state to bring the accused to trial within this statutory period. *State v. Singer*, 50 Ohio St.2d 103, 106, 362 N.E.2d 1216 (1977). If a defendant is not brought to trial within the speedy trial limits, the court, upon motion, must discharge the defendant. R.C. 2945.73(B). At that point, the burden shifts to the prosecution to demonstrate any tolling or extensions of time permissible under the law. *State v. McDonald*, 153 Ohio App.3d 679, 2003-Ohio-4342, 795 N.E.2d 701, ¶ 27 (8th Dist.); *State v. Williams,* 6 Ohio St.3d 281, 452 N.E.2d 1323 (1983), paragraph six of the syllabus.

{¶9} It is undisputed that the city failed to bring White to trial within the statutorily prescribed time for a speedy trial. The city asserts that its delay was permissible because White's location was unknown. White, on the other hand, argues the delay was excessive and unjustified and therefore constituted a speedy trial violation.

{¶10} An accused is also guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10, of the Ohio Constitution. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. Ohio's speedy trial statutes, found in R.C.

2945.71, et seq., were implemented to enforce these constitutional guarantees. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.

{¶11} In determining whether an accused was denied the right to a speedy trial as guaranteed by the Sixth Amendment, the court must consider four factors: (1) length of delay, (2) reason for the delay, (3) the accused's assertion of his right, and (4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Davis*, 46 Ohio St.2d 444, 446, 349 N.E.2d 315 (1976). The length of the delay is the "triggering mechanism" that necessitates inquiry into the other factors. *Barker* at 530. Until there is some delay that is presumptively prejudicial, "there is no necessity for inquiry into the other factors that go into the balance." *Id.*

{¶12} A delay of more than one year between indictment and trial is "presumptively prejudicial" and is generally considered the minimum amount of time required to trigger a *Barker* analysis. *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn.1; *State v. Selvage*, 80 Ohio St.3d 465, 468, 687 N.E.2d 433 (1997). In this case, there was a four-year delay between the time White was arrested and brought to trial. Therefore, this factor weighs against the prosecution.

{¶13} The weight given to the second factor, the reason for the delay, depends on whether the government acted diligently, negligently, or in bad faith. *Barker* at 531. This court has held that although negligence lies somewhere between "diligent prosecution" and "bad faith delay," it nevertheless "falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution." *State v.*

*Smith*, 8th Dist. Cuyahoga No. 86504, 2006-Ohio-2456, ¶ 25. "The government is 'under an obligation to exercise due diligence in attempting to locate and apprehend the accused, even if he is a fugitive who is fleeing prosecution.'" *State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶ 13, quoting *Rayborn v. Scully*, 858 F.2d 84, 90 (2d Cir.1988). *See also State v. Triplett*, 78 Ohio St.3d 566, 571, 679 N.E.2d 290 (1997) (holding the prosecution is required to exercise reasonable diligence in order to defeat the speedy trial claim).

{¶14} In *State v. Meyers*, 8th Dist. Cuyahoga No. 87973, 2007-Ohio-279, we held that a failure to make further attempts to serve a defendant after a summons was returned "address unknown," demonstrates a "failure to exercise any diligence, much less * * * 'reasonable diligence.'" *Id*. at ¶ 14. In *State v. Smith*, 8th Dist. Cuyahoga No. 83022, 2003-Ohio-7076, we similarly held that a single attempt to serve a summons that is returned "unclaimed," was not enough to establish "reasonable diligence." *Id*. at ¶ 12-20. In *Smith*, we also held that "a lack of 'affirmative steps' to locate a defendant qualifies as 'official negligence,' when considering a motion to dismiss on speedy trial grounds." *Id*.

{¶15} Although there is no evidence that the city acted in bad faith, the official negligence in this case is significant. Like the defendant in *Smith*, White was arrested and released before any charges were filed, and he was unaware he had been charged with a crime. The city filed its complaint on July 22, 2008, and issued a summons by certified mail on July 24, 2008. The certified mail was returned "unclaimed" on August 13, 2008.

The city concedes that it made no additional attempts to locate White until he was arrested for an unrelated crime, and it is not clear from the record whether White received the letter the city sent advising him that a capias had been issued for his arrest. Thus, the city's negligence weighs heavily in favor of White.

{¶16} The final factor to be examined is prejudice. "[C]onsideration of prejudice is not limited to the specifically demonstrable, and * * * affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Selvage*, 80 Ohio St.3d at 465, 687 N.E.2d 433, quoting *Doggett v. United States*, 505 U.S. 647, 655, 112 S.Ct. 2686, 2691, 120 L.Ed.2d 520 (1992). In *Doggett*, the United States Supreme Court explained that "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" *Id.* at 655, quoting *Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182 at 632. Therefore, the *Doggett* court concluded:

> [E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, * * * it is part of the mix of relevant facts, and its importance increases with the length of delay.

(Citations omitted.) *Id.*

{¶17} The four-year delay in bringing White to trial is excessive. In *Smith*, 8th Dist. Cuyahoga No. 83022, 2003-Ohio-7076, we held that an 18-month delay was excessive where delay was caused by "official negligence." *Id.* at ¶ 20-21. In *State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060 (1st Dist.), the court

held a nine-month delay warranted dismissal of a misdemeanor assault case. *Id*. at ¶ 17. Therefore, even if White would have shown little or no demonstrable prejudice, the other *Barker* factors weigh heavily in his favor and against the state. Furthermore, "to condone 'prolonged and unjustifiable delays in prosecution would both penalize many defendants for the state's fault and simply encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority.'" *Smith*, 2003-Ohio-7076, at ¶ 19, quoting *Doggett* at 657.

{¶18} Under the circumstances of this case, we are compelled to find that counsel's failure to file a motion to dismiss for violation of White's right to speedy trial constituted the ineffective assistance of counsel.

{¶19} The fifth assignment of error is sustained.

{¶20} Having determined that White was denied the effective assistance of trial counsel and that he was denied his right to speedy trial, the remaining assignments of error are moot.

{¶21} Judgment reversed, case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR


## APPENDIX

## REMAINING ASSIGNMENTS OF ERROR


I.   The city's four-year delay in prosecuting George White for misdemeanor child endangering violated Mr. White's constitutional speedy trial rights.  Sixth and Fourteenth Amendments, United States Constitution; Article I, Section 10, Ohio Constitution.

II.  George White was denied his right to due process and a fair trial when the trial court found him guilty of endangering children against the manifest weight of the evidence.  Fifth and Fourteenth Amendments, United States Constitution; Article I, Section 10, Ohio Constitution.

III. The trial court erred and thereby prejudiced George White by denying him due process and a fair trial when it expressly relied on inadmissible hearsay evidence in its decision to find Mr. White guilty of endangering children.  Fifth and Fourteenth Amendments, United States Constitution; Article I, Section 10, Ohio Constitution, Evid.R. 612, 801, 802, and 803.

IV.  George White's Sixth Amendment right of confrontation was violated.  Sixth and Fourteenth Amendments, United States Constitution; Article I, Section 10, Ohio Constitution.