[Cite as *State v. Shephard*, 2024-Ohio-2010.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113143 |
| v. | : | |
| AMBUS SHEPHARD, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-647582-A and CR-20-651099-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Steven N. Szelagiewicz, Assistant
Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} In this appeal, defendant-appellant Ambus Shephard, Jr. challenges the

trial court's decision to deny his presentence motion to withdraw his plea and the

imposition of consecutive sentences.  Shephard also contends that his right to a speedy trial was violated.  After a thorough review of the record and pertinent law, we affirm.

**Procedural and Factual History**

{¶ 2} In 2020, Shephard was indicted in two separate cases, with two different victims.  First, in January, Shephard was charged in Cuyahoga C.P. No. CR-20-647582-A with nine counts consisting of rape with a sexually violent predator specification (Count 1), attempted rape with sexually violent predator specifications (Counts 2 and 3), kidnapping with sexual motivation specifications and sexually violent predator specifications (Counts 4 and 5), felonious assault with sexual motivation specifications and sexually violent predator specifications (Counts 6 and 7), and gross sexual imposition (Counts 8 and 9).  The indictment alleged that the incident giving rise to the charges occurred in December 2019.

{¶ 3} Second, in June, Shephard was charged in Cuyahoga C.P. No. CR-20-651099-A with seven counts consisting of rape with one- and three-year firearm specifications and sexually violent predator specifications (Counts 1, 2, and 3), attempted rape with one- and three-year firearm specifications and a sexually violent predator specification (Count 4), kidnapping with one- and three-year firearm specifications (Counts 5 and 6), and grand theft with one- and three-year firearm specifications (Count 7).  The indictment alleged that the incident giving rise to the charges occurred in November 2019.

{¶ 4} The record reveals the following facts regarding the incidents giving rise to the charges. In one case, the victim reported that she had been hit in the head with a rock and raped. She was seen leaving the crime scene with blood running from her head and down her face. The victim went to the hospital where a rape kit was administered on her. She reported that her assailant had a tattoo that said "Ambus." The DNA gathered from the rape kit was a match to Shephard.

{¶ 5} In the other case, the victim reported that while she was giving Shephard a ride, he pulled out a gun and directed her to drive to a parking lot. Once at the parking lot, he sexually assaulted her. She indicated that Shephard was smoking a cigar in the car. The victim was able to escape; a surveillance video captured her running to a random house, seeking help. The victim subsequently went to the hospital where a rape kit was administered on her. The medical personnel were unable to collect sufficient DNA for testing. The cigar the victim reported Shephard had been smoking was tested, however, and DNA collected from it matched Shephard's DNA.

{¶ 6} The cases were assigned to the same trial court judge and proceeded together as companion cases. After the case had been extensively pretried, in May 2023, Shephard entered into guilty pleas on some charges in exchange for dismissal of the remaining charges. The record demonstrates that at the time Shephard entered his guilty pleas, he had been represented by three different assigned counsel; the first two attorneys withdrew at Shephard's request. The record further demonstrates that numerous pretrial hearings were continued at

Shephard's behest because discovery was ongoing and the defense and state were engaged in plea negotiations. Throughout the pendency of the cases there were also several referrals for mental health/competency evaluations — one of which resulted in Shephard being ordered to a facility for at least a 20-day stay for further evaluation.

{¶ 7} In Case No. CR-20-647582, Shephard pleaded guilty to rape, as amended (Count 1), and felonious assault, as amended (Count 6); the amendments reflected the deletion of the sexually violent predator and sexual motivation specifications.

{¶ 8} In Case No. CR-20-651099, Shephard pleaded guilty to rape with a one-year firearm specification, as amended to delete the three-year firearm specification and sexually violent predator specification (Count 1); attempted rape, as amended to delete the firearm specifications and sexually violent predator specification (Count 4); kidnapping, as amended to delete the firearm specifications (Count 5); and grand theft, as amended to delete the firearm specifications (Count 7).

{¶ 9} The trial court ordered a presentence investigation and mitigation of penalty report; however, Shephard chose not to participate in the process and interview necessary for completion of them.

{¶ 10} In June 2023, a little over one month after Shephard had entered his guilty pleas, and prior to sentencing, Shephard requested new counsel. The trial court held a hearing on his request. At the hearing, Shephard indicated that he wanted to "fire" his then-counsel and pursue a withdrawal of his plea. The trial court

granted Shephard's request for new counsel; new counsel — the fourth on the case — filed a motion to withdraw the plea, the state opposed it, and a hearing was held.

{¶ 11} At the hearing, newly appointed counsel told the court that Shephard "felt he was truly innocent this whole time" and "[h]e wanted to face his accusers. He wanted to take these [charges] to trial." Shephard elaborated that his attorney at the time of the plea told him that if he "kept [his] mouth closed[,]" counsel could "get" him five years, but when he "found out what [he] was facing," he decided he wanted to withdraw his plea.

{¶ 12} The trial court had the transcript from the plea hearing and reviewed its advisements given to, and colloquy with, Shephard. The trial court also named all the attorneys Shephard had during the course of the proceedings and found them all to be competent.

{¶ 13} The state contended that it would suffer prejudice if the trial court allowed Shephard to withdraw his plea. Specifically, according to the state, the prejudice would mainly inure to the victims who were on the cusp of obtaining closure. The cases had been pending for over three years, and the two victims had been cooperative the entire time, including being ready for previously scheduled trial dates. The state also noted that all discovery had been exchanged prior to the plea and there was no new evidence or information that had come to light since then.

{¶ 14} At the conclusion of the hearing, the trial court denied Shephard's motion to withdraw his plea. The court noted that Shephard had been represented by competent counsel throughout the proceedings, and that the trial court had

afforded him a proper hearing under Crim.R. 11 prior to accepting his pleas. At the plea hearing, Shephard indicated that he understood the exposure he was facing under the plea. The court further found that the state would be prejudiced by granting Shephard's motion. The trial court believed that Shephard merely "had a change of heart," which was not a proper ground to vacate his pleas.

{¶ 15} At sentencing, in Case No. CR-20-647582, the trial court sentenced Shephard to concurrent terms of ten to 15 years on Count 1 and eight years on Count 6. In Case No. CR-20-651099, the trial court sentenced Shephard to ten to 15 years on Count 1, to be served consecutive to the one-year firearm specification; eight years on Count 4; ten years on Count 5; and one year on Count 7. The underlying counts were ordered to be served concurrent. The trial court ordered the aggregate sentences on the two cases to be served consecutive.

## Assignments of Error

I. The trial court erred by denying appellant's motion to withdraw his guilty plea.

II. Appellant's sentence is clearly and convincingly not supported by the record and is contrary to law.

III. Appellant's constitutional rights were violated when the charges were not dismissed when he was not afforded a speedy trial.

## Law and Analysis

{¶ 16} In his first assignment of error, Shephard contends that the trial court erred by denying his presentence motion to withdraw his plea.

{¶ 17} Crim.R. 32.1 governs withdrawals of guilty pleas.  It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A defendant, however, "does not have an absolute right to withdraw a plea prior to sentencing." *Id.* at paragraph one of the syllabus.  "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 18} Appellate courts review a trial court's ruling on a presentence motion to withdraw a guilty plea for an abuse of discretion.  *Id.* at paragraph two of the syllabus.   An abuse of discretion occurs when the trial court's ruling was "'unreasonable, arbitrary or unconscionable.'" *Id.*, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 19} This court has held that a trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects  (1) the defendant is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he or she entered the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea-

withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

{¶ 20} In addition to the *Peterseim* factors, Ohio courts have recognized a nonexhaustive list of additional factors, which trial courts should also consider when deciding a presentence motion to withdraw a plea. *State v. Walcot*, 8th Dist. Cuyahoga No. 99477, 2013-Ohio-4041, ¶ 19. These factors include whether (5) the state will be prejudiced by the withdrawal; (6) the motion was made timely; (7) the motion states specific reasons for withdrawal; (8) the defendant understood the nature of the charges and the possible penalties; and (9) whether the defendant was perhaps not guilty or had a complete defense. *Id.*, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734.

{¶ 21} Considering the *Peterseim* and *Fish* factors, the record demonstrates that Shephard was represented by highly competent counsel at his plea hearing, which was a full Crim.R. 11 plea hearing, wherein it was demonstrated that he understood the nature of the charges and possible penalties. Further, Shephard's plea substantially reduced his criminal exposure.

{¶ 22} The record demonstrates that Shephard's request to withdraw his plea was timely made and the trial court made a finding to that effect. The record also shows that Shephard was afforded a complete and impartial hearing on his request to withdraw his plea. At the hearing, Shephard asserted an "actual innocence" defense. Other evidence belied his defense, however. Namely, Shephard's DNA

implicated him as to both sexual assaults. Also, one of the victims reported seeing a tattoo on Shephard with the name "Ambus," which is his first name. Moreover, the state would be prejudiced in that the victims would not have the closure they longed for after three years of cooperating with the state.

{¶ 23} Although a presentence motion to withdraw a plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw his or her plea. After careful review, the record evidences that Shephard's request to withdraw his plea was based on a change of heart. "A mere change of heart regarding the guilty plea and the possible sentence is not a legitimate basis for the withdrawal of a plea." *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E. 2d 115 (8th Dist.1991); *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶ 24} The trial court did not abuse its discretion by denying Shephard's motion to withdraw his plea because Shephard failed to demonstrate a reasonable and legitimate basis for withdrawal. The first assignment of error is therefore overruled.

{¶ 25} For his second assigned error, Shephard contends that the trial court erred by imposing consecutive terms because the sentence is clearly and convincingly not supported by the record and is contrary to law. Shephard also contends within this assignment of error that his sentence is excessive.

{¶ 26} Appellate courts review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Perry*, 2018-Ohio-1760, 111 N.E.3d 746, ¶ 19

(8th Dist.), citing *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 11, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is "otherwise contrary to law." *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 12; *Venes* at ¶ 11. Our review is deferential. *State v. Neal*, 8th Dist. Cuyahoga No. 112347, 2023-Ohio-4414, ¶ 7, fn. 1.

{¶ 27} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that at least one of the following also applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 28} Shephard does not contend that the trial court did not make the required findings for the imposition of consecutive sentences, and our review of the record demonstrates that the court indeed did. According to Shephard, the trial court "did not provide any rationale to support these findings" and it did not consider his mental health issues and his minimal prior criminal history.

{¶ 29} The trial court was not required to provide reasons supporting its findings as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. We are able to do that.

{¶ 30} At the hearing, the assistant prosecuting attorney reiterated the facts, adding a little more context than had previously been described at the plea hearing, including that one of the victims was slightly developmentally delayed. The victims, who had been cooperative with the state throughout the proceedings, were not present at the sentencing hearing. The state informed the trial court that, after Shephard pleaded guilty, one victim "had no desire to see [Shephard] again if she didn't have to." A victim advocate read a statement from the victim's mother, describing the impact Shephard's crimes against her daughter had on the victim. The assistant prosecuting attorney showed the court a picture of the victim at the

hospital and noted that the medical record indicated that every time the victim would stand up, "blood would stream down her face."

{¶ 31} The other victim (who had been present for the previously scheduled sentencing hearing that was converted to a hearing on Shephard's motion to withdraw his plea) had every intention on being present but experienced car troubles that day that prevented her from coming.

{¶ 32} Thus, notwithstanding the lack of the victims' physical presence, they were "heard," and the trial court took the impact Shephard's crimes against them had on them into account in sentencing him.

{¶ 33} As to mitigating evidence, the trial court ordered a presentence investigation and mitigation of penalty report, but Shephard chose not to participate in the process and interview necessary for the completion of them. The assistant prosecuting attorney noted that Shepard had two prior felony convictions — one for receiving stolen property and the other for carrying a concealed weapon — and the defense did not contest that.

{¶ 34} Additionally, we note that it is well established that where there is more than one victim, the imposition of consecutive sentences is reasonable to hold the defendant accountable for crimes committed against each victim. *State v. Thome*, 8th Dist. Cuyahoga No. 104445, 2017-Ohio-963, ¶ 16, citing *State v. Sexton*, 10th Dist. Franklin No. 01AP-398, 2002-Ohio-3617, ¶ 67. The sentences on the crimes each victim suffered were ordered concurrent. It was the total sentence for

each victim that the trial court ordered to be served consecutively, so that the crimes against both victims would be represented.

{¶ 35} On this record, Shephard has failed to show that the record does not clearly and convincingly support the trial court's sentencing findings or that his sentence was contrary to law.

{¶ 36} Shephard also contends that his sentence was excessive. The Eighth Amendment to the United States Constitution states that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." The final clauses prohibit not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

{¶ 37} "It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community." (Citations omitted.) *State v. Hamann*, 90 Ohio App.3d 654, 672, 630 N.E.2d 384 (8th Dist.1993).

{¶ 38} The Ohio Supreme Court has held that "'[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334

(1964). Thus, in reviewing whether a felony sentence is clearly and convincingly otherwise contrary to law, we are constrained by the fact that the sentencing range is determined by the legislature and any sentence imposed within that range, after the sentencing court has considered all the sentencing factors, is presumptively valid. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 39} The sentences imposed in this case were all within the statutory range. Further, the trial court considered the purposes and principles of sentencing under R.C. 2929.11, including consistency in sentencing and the seriousness and recidivism factors under R.C. 2929.12. The court also properly applied postrelease control. The sentence therefore was not clearly and convincingly contrary to law. *See State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶ 40} The second assignment of error is overruled.

{¶ 41} In his final assignment of error, Shephard contends that his right to a speedy trial was violated.

{¶ 42} Criminal defendants are guaranteed the right to a speedy trial under both the state and federal constitutions. Ohio Constitution, Article I, Section 10; the Sixth Amendment to the U.S. Constitution. "Speedy-trial provisions are mandatory, and courts must strictly enforce them." *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 15.

{¶ 43} Ohio has codified defendants' speedy-trial guarantees in R.C. 2945.71. Under R.C. 2945.71(C)(2), a person charged with a felony must be tried within 270 days from arrest. Each day that a defendant is held in jail in lieu of bond is counted as three days. R.C. 2945.71(E). Therefore, the statute's triple-count provision requires the state to try jailed defendants within 90 days from arrest. *State v. Henderson*, 1st Dist. Hamilton No. C-100021, 2010-Ohio-5730, ¶ 9. "This 'triple-count' provision, however, only applies when the defendant is being held solely on the charge at issue." *State v. Gall*, 9th Dist. Lorain No. 18CA011445, 2019-Ohio-4907, ¶ 5. "If the accused is also being held in jail on other charges, the triple-count provision is inapplicable." *State v. Stephens*, 9th Dist. Summit No. 26516, 2013-Ohio-2223, ¶ 12; *see also State v. MacDonald*, 48 Ohio St.2d 66, 71, 357 N.E.2d 40 (1976). Because Shephard was being held on two cases, the triple-count provision did not apply.

{¶ 44} Under R.C. 2945.72, the time limit may be extended by certain events, however. Relevant here, the statute provides:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * (B) Any period during which * * * the accused's mental competence to stand trial is being determined * * *; * * * (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; * * * (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order; [or] (H) The period of any continuance granted on the accused's own motion, and the period of

any reasonable continuance granted other than upon the accused's own motion.

R.C. 2945.72.

{¶ 45} "Generally, the failure to raise the violation of speedy trial rights in the trial court constitutes a waiver of the defense on appeal." *State v. Mango*, 8th Dist. Cuyahoga No. 103146, 2016-Ohio-2935, ¶ 18. A defendant may, however, raise a speedy trial claim in the context of a claim of ineffective assistance of counsel. *Id.*, citing *Cleveland v. White*, 8th Dist. Cuyahoga No. 99375, 2013-Ohio-5423, ¶ 7.

{¶ 46} Shephard did not argue below that his speedy trial rights were violated. Nor does Shephard raise his speedy trial claim in the context of an ineffective assistance of counsel claim. Accordingly, appellant has waived the issue for purposes of appeal. *See State v. Danzy*, 8th Dist. Cuyahoga No. 109433, 2021-Ohio-1483, ¶ 43, citing *Mango* at *id.*

{¶ 47} Further, a guilty plea generally waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus; *State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 14-15.

{¶ 48} Waiver notwithstanding, Shephard has not provided this court with a breakdown of the tolling events and how many days over the 270 mark he believes his case lingered. (*See* App.R. 16(A)(7) stating that an appellant "shall include" "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the

contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). According to the state's calculation — which Shephard has not contested — only 57 days had lapsed for the purpose of speedy trial. Our review of the record demonstrates that there were plenty of tolling events throughout the pendency of these two cases. Those events included numerous continuances at the behest of Shephard; change of counsel three times at Shephard's behest; demand for discovery by Shephard and the state — to which Shephard never responded; and several competency evaluations, one of which included a stay at a facility of at least 20 days.

{¶ 49} On this record, there was no statutory speedy trial violation.

{¶ 50} Next, we consider whether Shephard's constitutional right to a speedy trial was violated. This court has held that a defendant does not waive his or her constitutional right to a speedy trial by pleading guilty. *See State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶ 9, citing *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 Ohio App. LEXIS 5458, 4 (Nov. 18, 1999), citing *State v. Branch*, 9 Ohio App.3d 160, 162, 458 N.E.2d 1287 (8th Dist.1983). Accordingly, we will review Shephard's constitutional speedy trial claim for plain error. *See State v. Scahel*, 8th Dist. Cuyahoga No. 100705, 2014-Ohio-3042, ¶ 4, citing *United States v. Gearhart*, 576 F.3d 459, 462-463 (7th Cir.2009), *United States v. Oriedo*, 498 F.3d 593, 597, fn. 2 (7th Cir.2007), and *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 10 (8th Dist.).

{¶ 51} Plain error is an error that affects an appellant's substantial rights. Crim.R. 52(B). Plain error should be found "only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 52} Under the Sixth and Fourteenth Amendments of the United States Constitution, and Section 10, Article I of the Ohio Constitution, a defendant is guaranteed the constitutional right to a speedy trial. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. Ohio courts balance the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530-533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether there has been a violation of a defendant's constitutional speedy trial rights. *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 14. The *Barker* factors are "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant." *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 22, citing *Barker* at 530.

{¶ 53} The defendant must meet the "threshold requirement" of demonstrating a "presumptively prejudicial" delay to trigger a *Barker* analysis. *State v. Duncan*, 8th Dist. Cuyahoga No. 97208, 2012-Ohio-3683, ¶ 8. The Ohio Supreme Court explained:

> No single [*Barker*] factor controls the analysis, but the length of the delay is important. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that

go into the balance." *Barker* at 530. Generally, a delay that approaches one year is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

*Long* at ¶ 14.

{¶ 54} In Case No. CR-20-647582, Shephard was arrested on January 3, 2020, and indicted on January 14, 2020. In Case No. CR-20-651099, Shephard was arrested on June 16, 2020, and indicted on June 19, 2020. Shephard entered pleas in both cases on May 3, 2023. Thus, regarding the first *Barker* factor, the length of time between Shephard's arrests and guilty pleas was over one year and therefore the threshold requirement of a presumptively prejudicial delay is satisfied.

{¶ 55} In regard to the second *Barker* factor — the reason for the delay — the record demonstrates that Shephard overwhelmingly caused the delay in these cases. In the time between the initiation of these cases and the guilty pleas, Shephard had three different counsel. Every time the court appointed new counsel, the attorney would need time to get up to speed on the case. Thus, the second *Barker* factor weighs against Shephard.

{¶ 56} The third *Barker* factor to consider is whether Shephard asserted his right to a speedy trial. As noted, Shephard failed to raise this issue in the trial court. Accordingly, the third *Barker* factor weighs against Shephard.

{¶ 57} The final *Barker* factor to consider is whether the defendant was prejudiced by the delay. In *Long*, the Ohio Supreme Court explained that "[t]he prejudice factor in the analysis 'should be assessed in the light of the interests of defendants[,] which the speedy trial right was designed to protect.'" *Long*, 163 Ohio

St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, at ¶ 22, quoting *Barker* at 532. The interests are "'(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *Id.* The third interest is the greatest concern because it "'skews the fairness of the entire system.'" *Id.*

{¶ 58} Shephard contends that he "suffered prejudice from the delays as he remained incarcerated since January 3, 2020, without access to resources outside of the jail, including his ability to investigate and obtain potentially exculpatory evidence and he was precluded from being able to more fully assist in his defense."

{¶ 59} This blanket assertion is insufficient to demonstrate that Shephard was prejudiced by the delay. Shephard was represented by counsel throughout the proceedings, but continually claimed they were not "fighting" for him, which resulted in new counsel being appointed. In considering Shephard's motion to withdraw his guilty plea, the trial court recounted the attorneys who had represented Shephard and found them all to be competent. The court repeatedly told Shephard that merely because the attorneys may have told him things he did not want to hear did not make them incompetent. Further, DNA from both sexual assaults matched Shephard's DNA and without more than a mere mention of "potentially exculpatory evidence" there is no demonstration of prejudice.

{¶ 60} In light of the above, Shephard has failed to demonstrate that his speedy trial right was violated on either statutory or constitutional grounds. The third assignment of error is therefore overruled.

**{¶ 61}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR