[Cite as *State v. Sumlin*, 2025-Ohio-550.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff- Appellee, | : | |
| | | Nos. 113976 and 113977 |
| v. | : | |
| MICHAEL SUMLIN, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-685927-A and CR-23-678291-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Connor Davin, and Karen Greene, Assistant Prosecuting Attorneys, *for appellee*.

Charles Ruiz-Bueno Co., LPA, and J. Charles Ruiz-Bueno, *for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Michael Sumlin, a.k.a. Michael Brown ("Sumlin/Brown"), appeals the trial court's imposition of consecutive sentences

following his convictions in two separate cases. Because the trial court made the appropriate findings when imposing consecutive sentences and we cannot clearly and convincingly find that the record does not support those findings, we affirm the judgment appealed.

## I. Procedural History and Relevant Facts

### A. Indictments

### CR-23-678291-A[1]

{¶ 2} On February 7, 2023, in Cuyahoga C.P. No. CR-23-678291-A, Sumlin/Brown was charged in an eight-count indictment for offenses that occurred on January 25, 2023. The indictment charged him with two counts of gross sexual imposition, felonies of the fourth degree; three counts of rape, felonies of the first degree; and three counts of unlawful sexual conduct with a minor, felonies of the fourth degree. That same day, a warrant was issued on the indictment. A capias was sent to the sheriff the following day. A summons was sent to Sumlin/Brown by certified mail on February 9, 2023, advising him that his arraignment on the enclosed indictment was scheduled for February 28, 2023. The summons was received and signed for on February 13, 2023.

{¶ 3} On February 28, 2023, the date of the arraignment, the trial court issued an order noting that the February 7, 2023 capias remained in effect.

---

[1] The indictment is captioned *State v. Michael J. Brown*.

**{¶ 4}** As a result of his failure to appear at the initial February 28, 2023 arraignment hearing, Sumlin/Brown was not arraigned in this case until October 10, 2023.

**CR-23-685927-A²**

**{¶ 5}** On October 24, 2023, in Cuyahoga C.P. No. CR-23-685927, Sumlin/Brown was charged in a four-count indictment for offenses that occurred on April 25, 2023. The indictment charged him with one count of attempted aggravated murder, a felony of the first degree; attempted murder, a felony of the first degree; aggravated robbery, a felony of the first degree; and felonious assault, a felony of the second degree.

**{¶ 6}** Sumlin/Brown was arraigned on October 27, 2023.

**B. Plea and Sentencing**

**{¶ 7}** On March 13, 2024, Sumlin/Brown entered into a plea agreement with the State. In Case No. CR-23-678291-A, he pleaded guilty to gross sexual imposition, a felony of the fourth degree, and attempted kidnapping, a felony of the second degree, with sexual motivation specifications. In Case No. CR-23-685927-A, he pleaded guilty to robbery, a felony of the second degree, and felonious assault, a felony of the second degree, with a three-year firearm specification, as amended. Sumlin/Brown was labeled a Tier II sex offender.

---

² The indictment is captioned *State v. Michael Sumlin*.

{¶ 8} Sentencing was held on April 2, 2024. In Case No. CR-23-678291-A, the trial court sentenced Sumlin/Brown to one year on the gross sexual imposition offense and two years on the attempted kidnapping offense. The sentences were run concurrently for a total of two years in Case No. CR-23-678291-A.

{¶ 9} In Case No. CR-23-685927-A, the court sentenced Sumlin/Brown to three years on the robbery offense and three to four and a half years on the felonious assault offense to run consecutively to the mandatory three-year prison term imposed on the firearm specification accompanying the felonious assault charge. The underlying sentences were run concurrently for a total of three to four and a half years and run consecutively to the three-year prison sentence imposed on the firearm specification.

{¶ 10} The trial court further ordered the prison sentences imposed on each case to run consecutively. The trial court made the following findings:

> The court does find that consecutive sentences [are] necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the offender poses to the public. The offender committed — the court finds the offender committed the crime in case number 685927 while he was under indictment in case number 678291.

{¶ 11} On May 28, 2024, Sumlin/Brown filed a delayed appeal from the sentencing entries issued in each case and requested the cases be consolidated. This court granted leave to file a delayed appeal and consolidated the cases for appellate purposes.

{¶ 12} Sumlin/Brown's sole assignment of error reads:

The trial court committed prejudicial error by imposing consecutive sentences without making the findings required by *Ohio Revised Code* § 2929.14(C)(4).

## II. Law and Analysis

{¶ 13} Prior to imposing consecutive sentences, a trial court is required to make certain findings set forth in R.C. 2929.14(C)(4). One finding a court may make is that the offender was "awaiting trial" when the offender committed one or more of the multiple offenses. R.C. 2929.14(C)(4)(a). In his sole assignment of error, Sumlin/Brown contends that the record does not support the trial court's finding that he was "awaiting trial" in Case No. CR-23-678291-A when he committed the offenses set forth in Case No. CR-23-685927-A.[3] The State responds claiming that since Sumlin/Brown was under indictment and had been served in Case No. CR-23-678291-A when he committed the offenses in Case No. CR-23-685927-A, he was necessarily "awaiting trial" for the purposes R.C. 2929.14(C)(4)(a). We agree that he was "awaiting trial" when he committed the offenses charged in Case No. CR-23-685927-A.

### A. Applicable Law

{¶ 14} A trial court may impose consecutive sentences if it makes the requisite findings set forth in R.C. 2929.14(C)(4). Specifically, the trial court must find that the consecutive sentences are 1) "necessary to protect the public from

---

[3] Sumlin/Brown also claims that the court failed to make a finding under R.C. 2929.14(C)(4)(b). This is not in dispute.

future crime or to punish the offender"; 2) "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) the trial court must make one of the following findings set forth in R.C. 2929.14(C)(4)(a)-(c):

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 15} When imposing consecutive sentences, the trial court is not required to recite the statutory language nor is it required to state the reasons that support its findings where such support may be found in the record. *State v. Percy*, 2024-Ohio-664, ¶ 10 (8th Dist.).

{¶ 16} In cases in which the trial court makes the appropriate findings to impose consecutive sentences, "our review of the record is limited to determine whether the record clearly and convincingly does not support the imposition of consecutive sentences." *State v. Hoffman*, 2023-Ohio-3977, ¶ 35 (8th Dist.), citing

R.C. 2953.08(G); *State v. Gwynne*, 2023-Ohio-3851, ¶ 15. ("[A]n appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences."). The standard of proof of clear and convincing evidence "is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

### B. Sumlin/Brown Was "Awaiting Trial" in Case No. CR-23-678291-A When He Committed the Offenses in Case No. CR-23-685927-A

{¶ 17} Sumlin/Brown does not dispute that the trial court made, or attempted to make, the appropriate findings on the record, which included a finding under subsection (a) of R.C. 2929.14(C)(4). Rather, he claims that the trial court's determination that he was under indictment in Case No. CR-23-678291-A does not support a finding that he was "awaiting trial" as contemplated in subsection (a).

{¶ 18} It is undisputed that Sumlin/Brown committed the offenses in Case No. CR-23-685927-A while he was under indictment in Case No. CR-23-678291-A. The question thus becomes whether Sumlin/Brown was "awaiting trial" when he committed the offenses in Case No. CR-23-685927-A. We conclude he was.

{¶ 19} The phrase "awaiting trial" in R.C. 2929.14(C)(4)(a) is not defined in the Ohio Revised Code. "'The primary goal of statutory construction is to ascertain

and give effect to the legislature's intent,' as expressed in the plain meaning of the statutory language." *State v. Pountney,* 2018-Ohio-22, ¶ 20, quoting *State v. Lowe,* 2007-Ohio-606, ¶ 9. In doing so, the words and phrases of the statute must "be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. Thus, "our duty is 'to give effect to the words used, not to delete words used or to insert words not used.'" *State v. Maxwell,* 2002-Ohio-2121, ¶ 10, quoting *Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm.,* 20 Ohio St.2d 125, 127 (1969). The general rule is that "'[i]f the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.'" *Diller v. Diller,* 2023-Ohio-1508, ¶ 16, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.,* 74 Ohio St.3d 543, 545 (1996).

{¶ 20} We begin our analysis by looking at the plain language of the statute, specifically the phrase "awaiting trial." The word await is defined as "to wait for." *Online,* https://www.merriam-webster.com/dictionary/await (accessed Jan. 30, 2025) [https://perma.cc/375F-AUXM]. Simply put, the phrase "awaiting trial" means "to wait for trial." In other words, if a trial is forthcoming, the offender is "awaiting trial."

{¶ 21} The General Assembly has recognized that the return of an indictment contemplates a trial is forthcoming. Pursuant to R.C. 2939.22, when a grand jury returns an indictment, "[t]he court shall *assign such indictments for trial* under section 2945.02 of the Revised Code, and recognizances of defendants and witnesses shall be taken for their appearance in court." (Emphasis added.)

{¶ 22} In this case, Sumlin/Brown was indicted in Case No. CR-23-678291-A on February 7, 2023. A summons for the indictment was sent to his address via certified mail on February 9, 2023, and it was received and signed for on February 13, 2023. Two months later, when Sumlin/Brown committed the offenses in CR-23-685927-A, a trial on the pending indictment in Case No. CR-23-678291-A was forthcoming. Sumlin/Brown was therefore "awaiting trial" when he committed the latter offenses.

{¶ 23} Sumlin/Brown argues that he could not have been "awaiting trial" since he was capias and had not yet been arraigned, nor had a trial date been set in Case No. CR-23-678291-A when he committed the offenses in Case No. CR-23-685927-A. The plain language of the phrase "awaiting trial" is not as narrow as Sumlin/Brown interprets it. R.C. 2929.14(C)(4)(a) does not require an offender to have been arraigned or a trial date be set in order for an offender to be "awaiting trial." Rather, it simply requires that the offender was waiting for trial, irrespective of whether trial has been formally set or an arraignment has been held. Here, Sumlin/Brown had been served with the indictment and had notice that a trial was forthcoming at the time he committed the offenses in Case No. CR-23-685927-A. Sumlin/Brown's interpretation of the statute would require us to read limiting words and phrases into the statute that the General Assembly could have, but chose not to, include. We decline to read words into the statute where there are none. *Maxwell,* 2002-Ohio-2121, at ¶ 10.

{¶ 24} Finally, Sumlin/Brown contends that a grand jury indictment issued in secret is not the same as "awaiting trial." However, Sumlin/Brown's indictment was not a secret at the time he committed the offenses in Case No. CR-23-685927-A. Rather, the indictment in CR-23-678291-A had been publicly docketed pursuant to R.C. 2939.22 and Crim.R. 6(F); a summons with a copy of the enclosed indictment was sent via certified mail to Sumlin/Brown's address pursuant to Crim.R. 4(D)(3), where it was served by the clerk in the manner prescribed by Civ.R. 4.1(A)(1)(a); and the letter was received and signed for. As such, the indictment in Case No. CR-23-678291-A was not a secret when Sumlin/Brown committed the offenses in Case No. CR-23-685927-A.

{¶ 25} After a thorough review of the record and applicable law, we find that Sumlin/Brown was "awaiting trial" as contemplated by R.C. 2929.14(C)(4)(a) when he committed the offenses charged in Case No. CR-23-685927-A. Sumlin/Brown has failed to clearly and convincingly demonstrate that the record fails to support the trial court's findings necessary to impose consecutive sentences. Accordingly, we overrule Sumlin/Brown's sole assignment of error and affirm the judgment of the trial court.

## III. Conclusion

{¶ 26} The trial court properly made the necessary findings in order to impose consecutive sentences. Furthermore, since Sumlin/Brown committed the offenses charged in Case No. CR-23-685927-A while "awaiting trial" in Case No. CR-23-678291-A, we cannot find that the record does not clearly and

convincingly support the trial court's consecutive-sentence findings.  We need not consider Sumlin/Brown's challenge to R.C. 2929.14(C)(b) because subsection (a) is supported by the record.  Accordingly, we affirm the sentences imposed by the trial court.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR