[Cite as *State v. Davis*, 2025-Ohio-2863.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114461 |
| v. | : | |
| FREDDIE M. DAVIS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 14, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-690030-A, CR-24-690779-A, CR-24-690780-A,
CR-24-691195-A, CR-24-691538-A, and CR-24-692711-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Stephen R. Vernia, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Thomas T. Lampman, Assistant Public Defender, *for
appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Freddie M. Davis ("Davis") appeals the imposition

of consecutive sentences, arguing that the sentences are not proportional to the

seriousness or dangerousness of nonviolent break-ins.  For the reasons stated below, we affirm the trial court's sentence.

## I. Facts and Procedural History

{¶ 2} Between February 9, 2024, and March 30, 2024, Davis committed a string of thefts, break-ins, and robberies at a series of Cleveland-area bars, restaurants, and other businesses.  Altogether, the crimes involved 17 individuals and businesses as victims.

{¶ 3} Specifically, on February 9, 2024, while Davis was a patient at Lutheran Hospital, he stole a purse and its contents from a nurse working there.  Following the initial theft, Davis illegally used her credit cards, causing the nurse financial and emotional distress.  A few weeks later, starting on February 21 and continuing until his arrest at the end of March, he commenced a string of thefts, break-ins, and robberies at a number of establishments: Constantino's Market, Geraci's Slice Shop, Brightside, Pins Mechanical (on two separate occasions), Avo Modern Mexican Restaurant, Wild Eagle Saloon (on two separate occasions), Market Garden Brewery, Taza (on two separate occasions), Mitchell's Ice Cream, Taco and Tequila, Camino Restaurant, Subway, CVS, and Ecole de Pole.  Most of these instances involved Davis breaking into the establishment by force and causing significant damage.

{¶ 4} Davis was arrested on March 30, 2024, and was subsequently indicted on a total of 40 charges in six separate cases.  The cases, corresponding charges, pleas, and sentences are as follows:

## A. CR-24-690030-A

{¶ 5} On March 12, 2024, Davis was indicted in Cuyahoga C.P. No. CR-24-690030-A as follows:

1. Theft in violation of R.C. 2913.02(A)(1) with a furthermore clause, a felony of the fifth degree;

2. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;

3. Telecommunications fraud in violation of R.C. 2913.05(A), a felony of the fifth degree.

{¶ 6} Davis pled guilty to Count 1, and Counts 2 and 3 were nolled. He was sentenced to a prison term of six months on Count 1, concurrent to all other cases and counts, and up to two years of postrelease control.

## B. CR-24-690780-A

{¶ 7} On April 9, 2024, Davis was indicted in Cuyahoga C.P. No. CR-24-690780-A as follows:

1. Burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree;

2. Theft in violation of R.C. 2913.02(A)(1) with a furthermore clause that the stolen property was a credit card, a felony of the fifth degree;

3. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

4. Vandalism in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree;

5. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;

6. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

7. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;

8. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

9. Theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree;

10. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

11. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;

12. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;

13. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

14. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶ 8} Davis pled guilty to Counts 2, 3, 6, 8, 10, 12, and 13 as charged. The remaining counts were nolled. He was sentenced on Counts 2, 3, 6, 8, 10, and 13 to a prison term of six months on each count, for a total of 36 months, and up to two years of postrelease control, and 180 days on Count 12, concurrent to all other cases and counts.

### C. CR-24-690779-A

{¶ 9} On April 10, 2024, Davis was indicted in Cuyahoga C.P. No. CR-24-690779-A as follows:

1. Robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree.

{¶ 10} Davis pled guilty as charged in the indictment. He was sentenced to a prison term of nine months and one to three years of postrelease control.

**D. CR-24-691195-A**

{¶ 11} On April 11, 2024, Davis was indicted in Cuyahoga C.P. No. CR-24-691195-A on a total of 17 charges.

> 1. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;
>
> 2. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;
>
> 3. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;
>
> 4. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;
>
> 5. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;
>
> 6. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;
>
> 7. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;
>
> 8. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;
>
> 9. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;
>
> 10. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;
>
> 11. Criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree;

12. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

13. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;

14. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

15. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree;

16. Criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree;

17. Robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree.

{¶ 12} Davis pled guilty to all seven counts of breaking and entering (Counts 1, 3, 5, 7, 9, 12, and 14), and robbery (Count 17) as charged. The remaining counts were nolled. Davis was sentenced to a prison term of six months on each of the seven breaking-and-entering counts and up to two years of postrelease control. He was sentenced to a prison term of nine months on Count 17 and one to three years of postrelease control.

### E. CR-24-691538-A

{¶ 13} On April 29, 2024, Davis was indicted in Cuyahoga C.P. No. CR-24-691538-A as follows:

1. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

2. Misdemeanor theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶ 14} Davis pled guilty to Count 1, and Count 2 was nolled. He was sentenced to a prison term of six months and up to two years of postrelease control.

### F. CR-24-692711-A

{¶ 15} On June 10, 2024, David was indicted in Cuyahoga C.P. No. CR-24-692711-A as follows:

1. Breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

2. Theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree;

3. Theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree.

{¶ 16} Davis pled guilty to Counts 1 and 2, and Count 3 was nolled. He was sentenced to a prison term of six months on each count, with Count 2 running concurrently to all other cases and counts, and up to two years of postrelease control.

{¶ 17} The cases were consolidated, and on August 21, 2024, Davis pled guilty to 20 counts, mostly felonies, across the six cases pursuant to a global plea agreement. A presentence-investigation report was prepared and submitted to the trial court, and the sentencing hearing was held on September 16, 2024. The trial court ordered that 17 of Davis's 20 sentences run consecutively to each other, for a total of 108 consecutive months in prison.

{¶ 18} At sentencing the trial court discussed the high number of victims that were impacted by Davis. The trial court also made the following findings, in relevant part, at the sentencing hearing:

The consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose to the public.

(Tr. 46.)

{¶ 19} The sentencing entry reflects the following findings, in relevant part, by the trial court:

> [T]he consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public[.]

(Journal entry Sept. 16, 2024.)

{¶ 20} Davis raises a single assignment of error for our review:

> The trial court erred by failing to consider whether imposing 17 consecutive sentences spanning nine years was proportional to the seriousness or dangerousness of non-violent break-ins.

## II. Law and Analysis

{¶ 21} In his sole assignment of error, Davis argues that the trial court erred by failing to consider whether imposing 17 consecutive sentences was proportional to the seriousness of, or danger posed by, nonviolent break-ins. Davis specifically argues that the trial court did not conduct a meaningful R.C. 2929.14(C)(4) analysis, i.e., that the trial court did not make adequate factual findings regarding whether consecutive sentences are not disproportionate to the seriousness of Davis's conduct and to the danger he poses to the public.

{¶ 22} We review the imposition of consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Shephard*, 2024-Ohio-2010, ¶ 26 (8th Dist.). Pursuant to R.C. 2953.08(G)(2), an appellate court can overturn the imposition of consecutive sentences if the appellate court, upon review, clearly and convincingly finds that "'the record does not support the sentencing court's findings'" under R.C.

2929.14(C)(4), or the sentence is "'otherwise contrary to law.'" *Id.*, quoting *State v. Jones*, 2024-Ohio-1083, ¶ 12; *State v. Venes*, 2013-Ohio-1891, ¶ 11 (8th Dist.). Appellate courts are deferential to a trial court's consecutive-sentence findings. *State v. Gwynne*, 2023-Ohio-3851, ¶ 4.

{¶ 23} Pursuant to R.C. 2929.41(A), Ohio courts adhere to the presumption that sentences will be served concurrently. *Jones* at ¶ 11. However, a trial court can impose consecutive sentences by finding, under R.C. 2929.14(C)(4), that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public; and (3) at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 24} To impose consecutive sentences, the trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Hervey*, 2022-

Ohio-1498, ¶ 19 (8th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, syllabus. A trial court "has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37. However, "a reviewing court must be able to ascertain from the record evidence to support the trial court's findings." *Jones* at ¶ 14, citing *Bonnell* at ¶ 29.

{¶ 25} In *Gwynne*, 2023-Ohio-3851, the Ohio Supreme Court addressed this same issue in a case with a similar fact pattern. The defendant in *Gwynne* stole sentimental or valuable items over the course of eight years from elderly residents of nursing homes or assisted living facilities while she was working as a nurse's aide or posed as one. The defendant, a first-time offender, was charged with 86 felony theft offenses and pled guilty to 31 felony theft offenses. At sentencing, the trial court made the appropriate findings to impose consecutive sentences and ultimately sentenced her to 65 years in prison. The Ohio Supreme Court affirmed the sentence, noting that the defendant engaged in approximately an eight-year life of crime and stole countless items from vulnerable victims. *Gwynne* at ¶ 18. The court also found that "[t]he trial court's imposition of consecutive sentences was not clearly and convincingly not supported by the record." *Id.*

{¶ 26} Here, Davis does not dispute that the trial court made the findings required by R.C. 2929.14(C)(4) and *Bonnell* when it stated that "[t]he consecutive sentences are not disproportionate to the seriousness of [Davis's] conduct and to the danger that [Davis] pose[s] to the public" both at the sentencing hearing and in the sentencing entry. Instead, Davis contends that the trial court is required to engage in additional analysis. This is simply not the law. There is no authority requiring

the trial court to state reasons to support its findings or engage in additional analysis.

{¶ 27} A careful review of the record reflects evidentiary support for the trial court's imposition of consecutive sentences. Specifically, the record shows that the trial court considered Davis's recidivism and the failure of past rehabilitative measures, his age and lengthy criminal history, and numerous violations while on community control when deciding to impose multiple consecutive sentences. The trial court also discussed Davis's two-month crime spree that impacted 17 individuals and businesses, some of them twice, and put a strain on the community and the court system. In addition, the trial court noted that three of the robberies involved threats and "physicality." For these reasons we find the record in this instance clearly and convincingly supports the lower court's proportionality finding under R.C. 2929.14(C)(4) as applied to the consecutive sentences imposed.

{¶ 28} For the reasons stated above, Davis's sole assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MARY J. BOYLE, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)