[Cite as *State v. Lewis*, 2025-Ohio-5756.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                      No. 114860

    v.                               :

DONEIC LEWIS,                            :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 24, 2025

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-24-693181-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Thomas Rovito, Assistant Prosecuting Attorney, *for appellee*.

Susan J. Moran, *for appellant*.

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Doneic Lewis ("Lewis") appeals his consecutive sentences and asks this court to vacate his sentence and impose concurrent sentences for all counts. The trial court's judgment imposing consecutive sentences is vacated, and the case is reversed and remanded for resentencing.

{¶2} Lewis pleaded guilty to amended charges, including one count of endangering children, a third-degree felony, in violation of R.C. 2919.22(A); one count of endangering children, a third-degree felony, in violation of R.C. 2919.22(B)(3); one count of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A); and one count of strangulation, a third-degree felony, in violation of R.C. 2903.19(B)(2).[1]

{¶3} At sentencing, the trial court imposed a prison sentence of 48 months including 30 months each for the amended endangering children in Count 1 and endangering children in Count 3, to run concurrently to Count 1; 180 days on the domestic-violence count to run concurrently with Counts 1 and 3; and 18 months on Count 5, strangulation, to run consecutively to Count 1.

{¶4} In the journal entry the trial court stated:

> The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

Journal Entry No. 191459973 (Jan. 27, 2025).

{¶5} At the sentencing hearing, the trial court stated:

---

[1] Two days prior to Lewis's arraignment in this case, he pleaded guilty in Cuyahoga C.P. No. CR-24-688189 to strangulation and was sentenced to six months' imprisonment.

In that case, 688189, I'm going to terminate the remainder of the sentence and order you released on that case only, so that you can start serving the time on the new case.

Once you're finished serving time on this new case, 693181, you're going to be on post-release control for a *period* of one to three years.

If you violate the terms and conditions of that supervision, you could go back to prison for up to one-half of the sentence that you received, you could be charged with a felony called escape for failing to report to your parole officer, they could make your supervision harder or longer for you.

According to the post-sentence report, you have a lengthy criminal record starting from when you were a juvenile with domestic violence, robbery. Those were in 2011. An assault in 2012. Domestic violence in 2012. Domestic violence in 2012. Assault in 2013.

Then as an adult, in 2015, CCW, misdemeanor, aggravated menacing. You have a prior conviction for burglary, a felony of the second degree in 2015. Felonious assault, looks like you pled guilty in that case to a weapons under disability, you got an 18-month sentence. Then another weapons under disability, obstructing official business, that was in 2021. Then you have the prior case with me, the one we just talked about, that was in 2024, strangulation. Then you have this case.

I don't think a minimum sentence is going to adequately protect the public or punish the offender. The thing that I think is just so troubling is the broken orbital bone. The victim suffered serious physical harm. The injury was exacerbated by the victim's age. This is a domestic violence situation. The victim in this case did not induce or facilitate the offense. I don't believe there was strong provocation. I don't believe that you could have reasonably thought that you would not cause physical harm. And I don't see that there's substantial — well, you know, I do see that there are grounds to mitigate your conduct, but that's the only one making that less serious.

Whether recidivism is more likely, yes. You were on I think probation. You have a history of criminal convictions. You have a history of juvenile convictions, adult convictions. I don't think based on your record we could say that you led a law-abiding life for a significant number of years.

I'm going to impose a consecutive sentence. You were awaiting trial in Case No. 688189 when this offense occurred. I do find that your criminal history shows consecutive terms are needed.

Count 1, endangering children, 30 months; Count 3, 30 months; Count 4, 180 days; Count 5, 18 months. Counts 1 and 5 will run consecutive and Counts 3 and 4 will run concurrent to Count 1 and 5.

Sir, here's what I think is the mitigating circumstances. That you have suffered in your life from the time you were a child with serious mental health issues. And you are not different from most people who come in here and I think most people in the world, you have not learned how to manage your emotions. Period. End of story. When you are upset, agitated, or your mental health is playing a part, you are not able to manage your emotions and so you take those out on people you love.

If there was one piece of advice I could give you, it would be get yourself into counseling as soon as possible and start figuring out another outlet for your emotional disregulation [sic], which means you're not able to manage your emotions. You're not different than a lot of people, but if you don't get that under control, you're going to continue to hurt the people that you love. You need to be on medication and you need to be in some serious, serious counseling to learn how to not hit and hurt other people.

You broke your son's orbital bone, which means you punched him in the face. I know that you feel bad about that, I think you do. I think you love your son. And I think that we all do things as parents that we regret and we wish we could take back, but your behavior . . . .

Tr. 35-39.

**{¶6}** Lewis filed this appeal and assigned one error for our review:

The trial court erred in imposing consecutive sentences which were not supported by the record.

**{¶7}** Lewis argues that the record does not support the trial court's findings under relevant statutes pursuant to R.C. 2953.08(G)(2)(a). "We review the imposition of consecutive sentences using the standard set forth in R.C. 2953.08."

*State v. Davis*, 2025-Ohio-2863, ¶ 22 (8th Dist.), citing *State v. Shephard*, 2024-Ohio-2010, ¶ 26 (8th Dist.). Pursuant to R.C. 2953.08(G)(2), an appellate court can overturn the imposition of consecutive sentences if the appellate court, upon review, clearly and convincingly finds that "'the record does not support the sentencing court's findings'" under R.C. 2929.14(C)(4), or the sentence is "'otherwise contrary to law.'" *Shephard* at ¶ 26, quoting *State v. Jones*, 2024-Ohio-1083, ¶ 12; *State v. Venes*, 2013-Ohio-1891, ¶ 11 (8th Dist.). "Appellate courts are deferential to a trial court's consecutive-sentence findings." *State v. Gwynne*, 2023-Ohio-3851, ¶ 4.

{¶8} A consecutive sentence may be challenged in two ways. The defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4), or the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *State v. Smith*, 2020-Ohio-3666, ¶ 19 (8th Dist.), citing *State v. Johnson*, 2016-Ohio-1536, ¶ 7 (8th Dist.).

{¶9} "Pursuant to R.C. 2929.41(A), Ohio courts adhere to the presumption that sentences will be served concurrently." *Davis* at ¶ 23, citing *Jones* at ¶ 11. However, a trial court can impose consecutive sentences by finding, under R.C. 2929.14(C)(4), that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the following applies: (a)

the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** "To impose consecutive sentences, the trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing journal entry." *Id.* at ¶ 24, citing *State v. Hervey*, 2022-Ohio-1498, ¶ 19 (8th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, syllabus. "A trial court 'has no obligation to state reasons to support its findings.'" *Id.*, quoting *Bonnell* at ¶ 37. "However, 'a reviewing court must be able to ascertain from the record evidence to support the trial court's findings.'" *Id.*, quoting *Jones* at ¶ 14, citing *Bonnell* at ¶ 29.

**{¶11}** During oral argument, Lewis argued that the trial court did not make the required finding under R.C. 2929.19(C)(4)(2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public. Lewis further stated that the imposition of consecutive sentences was not supported by the record.

{¶12} During a sentencing hearing under R.C. 2929.14(C)(4), the trial court must first make a finding that consecutive sentences are necessary to protect the public from future crime or to punish the offender. In this case, at the sentencing hearing, the trial court stated, "I don't think a minimum sentence is going to adequately protect the public or punish the offender." Tr. 36. Second, the trial court must make the finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public. At the sentencing hearing, the trial court stated:

> The thing that I think is just so troubling is the broken orbital bone. The victim suffered serious physical harm.The injury was exacerbated by the victim's age. This is a domestic violence situation. The victim in this case did not induce or facilitate the offense. I don't believe there was strong provocation. I don't believe that you could have reasonably thought that you would not cause physical harm. And don't see that there's — well, you know, I do see that there are grounds to mitigate your conduct, but that's the only one making that less serious.
>
> Whether recidivism is more likely, yes. You were on I think probation. You have a history of criminal convictions. You have a history of juvenile convictions, adult convictions. I don't think based on your record we could say that you led a law-abiding life for a significant number of years.

Tr. 36-37.

{¶13} Here, the trial court never mentioned the word "disproportionate." And "[a]lthough the trial court is not required to recite any particular magic words when making its findings, we must be able to discern from the record that the trial court engaged in the correct analysis." *State v. Cox,* 2016-Ohio-20, ¶ 22 (8th Dist.), citing *Bonnell,* 2014-Ohio-3177, at ¶ 29.

**{¶14}** After a review, we cannot discern from the trial court's statements that the trial court made a finding that consecutive sentences are not disproportionate to the danger he poses to the public. The trial court discussed the seriousness of his conduct, stating, "The thing that I think is just so troubling is the broken orbital bone. The victim suffered serious physical harm. The injury was exacerbated by the victim's age." Tr. 37. The trial court, however, must make the findings that Lewis's consecutive sentences are not disproportionate to the danger he poses to the public. *See State v. Lariche*, 2018-Ohio-3581, ¶ 25 (8th Dist.). We do not find that the trial court made this finding.

**{¶15}** Finally, the trial court must make a determination that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** At the sentencing hearing, the trial court stated: "Are you done serving the sentence that I gave you in 688189?" Lewis was still serving that sentence, and the trial court responded:

> In that case, 688189, I'm going to terminate the remainder of the sentence and order you released on that case only, so that you can start serving the time on the new case.
>
> Once you're finished serving time on this new case, 693181, you're going to be on post-release control for a period of one to three years.
>
> If you violate the terms and conditions of that supervision, you could go back to prison for up to one-half of the sentence that you received, you could be charged with a felony called escape for failing to report to your parole officer, they could make your supervision harder or longer for you.
>
> According to the post-sentence report, you have a lengthy criminal record starting from when you were a juvenile with domestic violence, robbery. Those were in 2011. An assault in 2012. Domestic violence in 2012. Domestic violence in 2012. Assault in 2013.
>
> Then as an adult, in 2015, CCW, misdemeanor, aggravated menacing. You have a prior conviction for burglary, a felony of the second degree in 2015. Felonious assault, looks like you pled guilty in that case to a weapons under disability, you got an 18-month sentence. Then another weapons under disability, obstructing official business, that was in 2021. Then you have the prior case with me, the one we just talked about, that was in 2024, strangulation. Then you have this case.

Tr. 35-36.

**{¶17}** Lewis argues that he was not awaiting trial in Cuyahoga C.P. No. CR-24-688189. However, R.C. 2929.14(C)(4) states that the trial court must make a determination that Lewis committed the offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior

offense. Lewis was awaiting trial or sentencing when he committed the offenses in this case. In Cuyahoga C.P. No. CR-24-688189, Lewis was indicted on March 13, 2024 and pleaded guilty on July 15, 2024. In our instant case, Lewis was indicted on actions that occurred between June 15, 2023, and April 21, 2024. Thus, he committed the offense while awaiting trial or sentencing. *See State v. Sumlin*, 2025-Ohio-550, ¶ 19-25 (8th Dist.) (R.C. 2929.14(C)(4)(a) does not require an offender to have been arraigned or a trial date be set in order for an offender to be awaiting trial. It simply requires that the offender was waiting for trial, notwithstanding of whether trial has been formally set or an arraignment has been held.).

**{¶18}** Additionally, the record reflects that Lewis's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him. The trial court stated: "You were on I think probation. You have a history of criminal convictions. You have a history of juvenile convictions, adult convictions. I don't think based on your record we could say that you led a law-abiding life for a significant number of years." Tr. 37.

**{¶19}** Again, "[o]n appeal, a reviewing court must be able to ascertain evidence supporting the trial court's findings from the record before it." *State v. Riley*, 2025-Ohio-3276, ¶ 12 (8th Dist.), citing *State v. Wells*, 2021-Ohio-2585, ¶ 71, citing *Bonnell* at ¶ 29. We determine that in this record the trial court made findings for R.C. 2929.14(C)(4)(a) and (c), and that the record supports the trial

court's finding.  However, "because we clearly and convincingly find that the trial court failed to make the second finding under R.C. 2929.14(C)(4), the portion of the trial court's order imposing consecutive sentences must be vacated." *State v. Smith*, 2025-Ohio-2090, ¶ 19 (6th Dist.).

**{¶20}** In Lewis's case, we were unable to ascertain from the record that the trial court provided the necessary findings even though it incorporated them in the sentencing entry.  *See* Journal Entry No. 191459973 (Jan. 27, 2025).  Therefore, Lewis's assignment of error is sustained.  The trial court's judgment imposing consecutive sentences is vacated, and the case is reversed and remanded "for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, to enter the proper finding on the record." *State v. Nia,* 2014-Ohio-2527, ¶ 38 (8th Dist.).

**{¶21}** Judgment reversed, and case remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)